IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TYREE MORRIS,                              :
                                           :
                    Plaintiff,             :        CIVIL ACTION NO. 15-5969
                                           :
        v.                                 :
                                           :
MICHAEL WENEROWICZ, JOHN                   :
WETZEL, JOSEPH C. KORSZNIAK,               :
BLATT, JOHN DOE, ROBERT DOE,               :
                                           :
                    Defendants.            :

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                        March 16, 2016

The *pro se* prisoner plaintiff has brought an action under 42 U.S.C. § 1983 for alleged Eighth Amendment violations after he fell while trying to climb into the top bunk of a bunk bed in his cell.  He claims that the cell was unsafe because the bed did not have a ladder allowing access to the top bunk.  He also asserts that he hurt his back and left knee in the fall and that he received inadequate medical treatment for his injuries.  Three of the named defendants, the superintendent of the prison where the plaintiff was possibly housed when he was injured, the secretary for the Commonwealth of Pennsylvania Department of Corrections, and the administrator for the medical staff at the prison, have moved to have the court dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The moving defendants contend that (1) the court lacks subject-matter jurisdiction over any claims against them in their official capacities because of Eleventh Amendment immunity; (2) they are not "persons" amenable to suit under section 1983; (3) the statute of limitations bars the claims against them because the complaint demonstrates that more than two years has passed the plaintiff knew or should have known of his constitutional injuries; and (4) the plaintiff has failed

1

to state claims against them because he has not alleged their personal involvement in causing his injuries and *respondeat superior* is not an acceptable basis for liability.  The plaintiff has not directly responded to these arguments; instead, he has agreed to the dismissal of two of the defendants, the secretary for the Department of Corrections and the administrator for the medical staff at the prison, and moves for leave to amend his complaint to assert additional, unspecified factual allegations.

Because the plaintiff has agreed to the dismissal of two of the moving defendants, the court has addressed the motion to dismiss as to only the remaining moving defendant, the superintendent of the prison.  After reviewing the complaint and the parties' submissions, the court will dismiss the complaint against this defendant because (1) the Eleventh Amendment bars any official-capacity claims against him, (2) he is not a "person" amenable to suit in his official capacity under section 1983, and (3) the statute of limitations bars the plaintiff's claim.

In addition, although the court recognizes that the plaintiff is generally permitted leave to amend a complaint, in this instance the court finds that amending the complaint would be futile because (1) he could not assert any claims against Wenerowicz, and (2) the statute of limitations would also bar the plaintiff's claims against Dr. Blatt and the fictitious defendants.  As such, the court will deny the plaintiff's motion to file an amended complaint.

## I.   ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Tyree Morris, filed an application to proceed *in forma pauperis* and a proposed complaint against the defendants, Michael Wenerowicz ("Wenerowicz"),[1] John Wetzel ("Wetzel"),[2] Joseph C. Korszniak ("Korszniak"),[3] "Blatt" ("Dr. Blatt"), and two

---

[1] Wenerowicz is the "Superintend[e]nt of the State Correctional Institution at Graterford [and is] legally responsible for the [o]perations of Graterford State Institution."  Complaint at ¶ 1.

[2] Wetzel is the "Secretary of the Pennsylvania Department of Corrections, and [he] has full [c]ontrol of all the State Institutions in the State of Pennsylvania."  Complaint at ¶ 2.

fictitious defendants, on October 23, 2015.[4]  Doc. No. 1.  In the complaint, the plaintiff alleges that he was housed in a state correctional institution and was assigned to the top bunk of a bunk bed.  Complaint at ¶ 1, Doc. No. 1-1.  On October 16, 2012, at approximately 11:00 p.m., the plaintiff needed to use the toilet, so he used a desk inside of the cell to climb down from the top bed.  *Id.*  The bunk bed did not have an attached ladder.  *Id.*

The plaintiff attempted to get back into bed by using the desk as a stepping stool, but he slipped and fell.  *Id.* at ¶ 2.  He hit his head and went "[u]nconcouis [sic] [m]omentrily [sic]."  *Id.* In addition, his left knee "[s]napped and [t]wisted."  *Id.*

Through the assistance of another inmate, medical staff arrived and transported the plaintiff by stretcher to the medical department.  *Id.* at ¶ 4.  While in the medical department, the plaintiff complained of having pain in his left knee and back.  *Id.*  He also informed a nurse what had happened and explained that he was unable to place any pressure on his left leg.[5]  *Id.*

The "Institutional Medical Doctor," Dr. Blatt, saw the plaintiff on October 17, 2012.  *Id.* at ¶ 5.  The plaintiff informed Dr. Blatt about the incident, stated that he was in a lot of pain, and requested to go to an outside hospital.  *Id.*  Dr. Blatt refused the request, told the plaintiff that "everything w[ould] return back to normal in a few days" and "[a]fter a fall it's not uncommon for you to be in [p]ain."  *Id.*  Dr. Blatt stated that he would order a lumbar/sacral spine x-ray for

---

[3] Korszniak is the "Correctional [H]ealth Care Administrator [and is] legally responsible for the Health Care . . . provided by the [m]edical [s]taff at the State Correctional Institution at Graterford."  Complaint at ¶ 3.
[4] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).  Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983.  *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that *pro se* prisoner plaintiff filed complaint on date he signed it).
    Here, we do not know the precise date that the plaintiff submitted the complaint for filing with prison officials.  The envelope attached to the complaint has a postmarked date of October 26, 2015.  *See* Envelope, Doc. No. 1-4.  In addition, the plaintiff includes a "proof of service," stating that he served the complaint on Kathleen Kane, Attorney General of Pennsylvania, on October 23, 2015.  Complaint at 9, Doc. No. 1-1.  For purposes of the court's analysis of the motion to dismiss, the court will accept the plaintiff's reference to October 23, 2015 as the date he presented the complaint to prison officials for mailing to the clerk of court.
[5] It is unclear if the nurse is one of the two fictitious defendants identified in the caption of the complaint.

3

the plaintiff's back and an x-ray of his knee once the swelling in the knee diminished.  *Id.* at ¶ 6.
Dr. Blatt also prescribed pain medication (500 mg of Nabumetome).  *Id.*

The x-ray of the plaintiff's back revealed back spasms, and the x-ray of the plaintiff's
knee showed inconclusive findings.  *Id.* at ¶ 7.  Despite the plaintiff informing Dr. Blatt that he
was still in a great amount of pain and wanted further treatment, Dr. Blatt stated that he was
medically cleared to return to "SCI-Forest."  *Id.*

On January 14, 2015, the plaintiff was transported to JC Blair Memorial Hospital in
Huntingdon, Pennsylvania, because of his continuing complaints of left knee pain.  *Id.* at ¶ 8.
The plaintiff received a MRI, which showed "a Full Thickness Medial Meniscus Tear of the Left
Knee, Loose Choral inside the body of Plaintiff, and High Grade Complete."  *Id.* at ¶ 9.  These
injuries apparently require surgery.  *Id.* at ¶ 10.

On January 27, 2015, the plaintiff used the institutional grievance procedure available at
that State Correctional Institution at Graterford ("SCI-Graterford") to obtain relief.  *Id.* at ¶ 11.
The SCI-Graterford staff denied the plaintiff's grievance and upheld the denial despite multiple
appeals, with the ultimate affirmance of the denial occurring on August 25, 2015.  *Id.*

Based on the aforementioned allegations, the plaintiff contends that Dr. Blatt violated his
Eighth Amendment rights by medically clearing him to return to "the Institutional Forest"
despite his knee injury.  *Id.* at ¶ 12.  He also asserts that Wenerowicz violated his Eighth
Amendment rights by placing him inside a cell with no ladder attached to the bunk beds.[6]  *Id.* at
¶ 13.  Both defendants are sued in their official and individual capacities.  *Id.* at ¶ 4.  He seeks,
*inter alia*, (1) a preliminary and permanent injunction requiring the defendants to stop placing
state prisoners on the top of bunk beds unless those beds have ladders; (2) $200,000 in

---

[6] Other than listing Wetzel and Korszniak in the caption and including allegations about their position and job
responsibilities, the plaintiff does not reference their purported involvement in the alleged acts underlying his
constitutional claims.

compensatory damages (against each defendant); and (3) $200,000 in punitive damages (against each defendant).

Wenerowicz, Wetzel, and Korszniak jointly filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) and lack of subject-matter jurisdiction under Rule 12(b)(1) on December 9, 2015.  Doc. No. 8.  Although the plaintiff did not timely respond to the motion, he did file a motion for leave to file an amended complaint on December 28, 2015.[7]  Doc. No. 9. Those motions are ripe for disposition.[8]

## II.   DISCUSSION

### A.   Motion to Dismiss

#### 1.   Standard of Review for Rule 12(b)(6) Motions to Dismiss[9]

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint."  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted).  As the moving party, "[t]he defendant bears the burden of showing that

---

[7] The plaintiff includes a certificate of service indicating that he served the motion upon defense counsel on December 28, 2015.  Motion for Leave to File Am. Compl. at ECF p. 2.  Even if the court did not use this date as the date of filing, the envelope that contained the motion is postmarked for December 30, 2015.  *Id.* at ECF p. 3.

[8] To date, service has not been effected on Dr. Blatt.  Doc. Nos. 6, 10.

[9] As indicated above, the moving defendants also move for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  This part of the moving defendants' motion constitutes a facial attack on the complaint because it "concerns an alleged pleading deficiency" and does not attack "the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites."  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (alterations in original) (citations and internal quotation marks omitted).  When analyzing a facial attack,

> the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party.

*Constitution Party of Am. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (internal citations and quotation marks omitted).  Accordingly, the court has not set forth a separate standard of review for addressing the Rule 12(b)(1) portion of the motion to dismiss (dealing with Eleventh Amendment immunity), but will address it in accordance with the Rule 12(b)(6) standard.

no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation omitted). Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In implementing the overarching plausibility standard, the Court is required to conduct a three-part inquiry. First, the Court must "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian*, 696 F.3d at 365 (citations omitted). Second, the Court must identify allegations that are not "entitled to the assumption of truth" because they "are no more than conclusions." *Id.* (citations omitted). Thus, legal conclusions, whether in pure form or "couched as factual allegation[s]," and conclusory factual allegations are not entitled to be assumed true. *See Iqbal*, 556 U.S. at 678, 681 (quoting *Twombly*, 550 U.S. at 555); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012). Finally, the Court must "look for well-pled factual allegations, assume their veracity, and then 'determine whether they

plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quotations omitted). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

The Court generally limits this three-part inquiry to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).  However, the Court may also properly consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id.* (citations omitted).

### 2.     Analysis

In the motion to dismiss, the moving defendants assert four arguments in support of their contention that the court should dismiss the complaint with prejudice.  For their first and second arguments, the moving defendants argue that the court should dismiss the claims against them in their official capacities because (1) the Eleventh Amendment bars the claims, and (2) they are not "persons" subject to suit under section 1983.  Memorandum of Law in Supp. of Wenerowicz, Wetzel, and Korszniak's Mot. to Dismiss Compl. ("Defs.' Mem.") at 5-7, Doc. No. 8.  As for their third argument, the moving defendants contend that the complaint sets forth allegations showing on their face that the statute of limitations bars this action.  *Id.* at 7-9.  Finally, the moving defendants assert that the plaintiff has failed to allege their personal involvement in the alleged unconstitutional activity and they note that *respondeat superior* is not an accepted basis for liability under section 1983.  *Id.* at 9-11.

The court need not address any of the plaintiff's claims with respect to Wetzel and Korszniak because the plaintiff has agreed to dismiss his claims against them.  *See* Motion for

Leave to File Am. Compl. at ¶ 3.  Therefore, the court will address each of the moving defendants' arguments as to Wenerowicz alone.

a.    <u>Claims Against Wenerowicz in His Official Capacity</u>

As indicated above, the moving defendants contend that the court should dismiss the official capacity claims against Wenerowicz, the superintendent of SCI-Graterford, because (1) the Eleventh Amendment bars the claims, and (2) Wenerowicz is not a "person" under section 1983.  Defs.' Mem. at 5-7.  Concerning the first argument, the Eleventh Amendment serves as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction."  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996).  The Eleventh Amendment bars a party from seeking monetary damages from a state official acting in his or her official capacity unless "waiver by the State or valid congressional override." *See Kentucky v. Graham*, 473 U.S. 159, 169 (1984) ("[T]he Eleventh Amendment bars a damages action against a State in federal court[, and t]his bar remains in effect when State officials are sued for damages in their official capacity.").

By enacting section 1983, Congress did not intend to abrogate Eleventh Amendment immunity.  *See Quern v. Jordan*, 440 U.S. 332, 344-45 (1979) (stating that "§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to abrogate the Eleventh Amendment immunity of the States").  Additionally, the Commonwealth of Pennsylvania has enacted 42 Pa. C.S. § 8521(b), which expressly indicates that the Commonwealth has not waived its Eleventh Amendment immunity from suit in federal courts.  *See* 42 Pa. C.S. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth

from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."); *see also Lavia v. Pennsylvania Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that Pennsylvania has not waived Eleventh Amendment immunity).

As the Department of Corrections is a state agency of the Commonwealth of Pennsylvania, *see* 71 P.S. § 310-1, SCI-Graterford is a part of the Department of Corrections, and Wenerowicz is a state official acting as superintendent of SCI-Graterford, Wenerowicz is entitled to Eleventh Amendment immunity with regard to the plaintiff's damages claims against him in his official capacity. *See Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990) (stating that the Eleventh Amendment "also bars a suit against state officials in their official capacity, because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." (internal citation omitted)). Pennsylvania has not waived Wenerowicz's Eleventh Amendment immunity. *See* 1 Pa. C.S. § 2310 ("[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."). Therefore, the court will dismiss the plaintiff's claim for monetary damages against Wenerowicz in his official capacity.

The plaintiff also seeks a form of prospective injunctive relief against Wenerowicz with regard to the need to place ladders on the bunk beds at SCI-Graterford. *See* Complaint at 7. The Eleventh Amendment does not "bar a plaintiff's ability to seek prospective relief against state

officials for violations of federal law." *Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002); *see Ex Parte Young*, 209 U.S. 123 (1908) (holding that the Eleventh Amendment does not bar a party from seeking prospective injunctive relief on the basis of a violation of federal law). Nonetheless, as Wenerowicz correctly points out, the plaintiff cannot proceed with official capacity claims for injunctive relief (or for monetary damages) against Wenerowicz because he is not a "person" subject to suit under section 1983.

In this regard, section 1983 provides in pertinent part as follows:

> Every ***person*** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added). As indicated by the language of section 1983, it applies only to "persons." Wenerowicz, as a state official, is not a "person" for purposes of section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (concluding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

Accordingly, as the Eleventh Amendment bars the plaintiff's section 1983 monetary damages claims against Wenerowicz in his official capacity and the plaintiff's claims for monetary damages and injunctive relief are prohibited because Wenerowicz is not a "person" amenable to suit under section 1983, the court will dismiss the plaintiff's section 1983 claims against Wenerowicz in his official capacity.[10]

---

[10] There is also at least some issue as to whether Wenerowicz was properly named as a defendant in this case because it is unclear whether the plaintiff was housed at SCI-Graterford at the time he fell while trying to enter the top bunk bed. In this regard, the complaint alleges that Dr. Blatt cleared the plaintiff to return to "SCI-Forest" (or "Institutional Forest") after his post-x-ray evaluation. *See* Complaint at ¶¶ 7, 12. Yet, the remainder of the

b.      Statute of Limitations

The moving defendants also contend that the statute of limitations bars this section 1983 action against Wenerowicz.  Defs.' Mem. at 7-9.  Although a defendant seeking to use the statute of limitations as a defense must generally do so by way of an answer with affirmative defenses, see Fed. R. Civ. P. 8(c), 12(b), "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (citation omitted).  The defendant has the burden of proving that the statute of limitations bars the plaintiff's claims.  *See, e.g.*, *Richard B. Rosh, Inc. Profit Sharing Plan v. New England Mut. Life Ins. Co.*, 311 F.3d 581, 585 (3d Cir. 2002) (stating defendant's burden in context of motion for summary judgment).

Regarding the applicable statute of limitations for section 1983 actions,

[t]he length of the statute of limitations . . . is governed by the personal injury tort law of the state where the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).  The statute of limitations for a § 1983 claim arising in Pennsylvania is two years.  42 Pa. Cons. Stat. § 5524(2); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993).  Federal law governs a cause of action's accrual date.  *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).  Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based."  *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted); *see also Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998).  The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known.  *Barren v. United States*, 839 F.2d 987, 990 (3d Cir. 1988).  As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury.  *See United States v. Kubrick*, 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).  "The cause of action accrues even though the full extent of the injury is not then known or predictable.  Were it otherwise, the statute would begin to run only after a plaintiff became satisfied

_____

complaint includes references to SCI-Graterford.  *Id.* at ¶¶ 1, 3, 4, 11.  The court's analysis of the defendant's arguments with respect to Wenerowicz would be equally applicable to any claims against the superintendent of SCI-Forest.

> that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391, 127 S.Ct. 1091 (internal quotation marks and citations omitted).

*Kach v. Hose*, 589 F.3d 626, 634-35 (3d Cir. 2009).[11]

Here, the plaintiff alleges that he fell while climbing onto his top-bunk bed on October 16, 2012.  Compl. at ¶¶ 1, 2.  With regard to Wenerowicz, the plaintiff's Eighth Amendment claim against him relates to his alleged placement of the plaintiff inside a cell with no ladder attached to the connected beds.[12]  *Id.* at ¶ 13.  The plaintiff knew or should have known of the injury caused by the lack of a ladder when he was injured on October 16, 2012.  Moreover, a reasonable person would have known about the injury at that time (as the plaintiff alleges that he was in severe pain and needed further treatment after Dr. Blatt released him so he could return to general population), even if he did not allegedly know the full extent of the injuries to his left knee until January 2015.  *See, e.g.*, *Hinzo v. New Mexico Dep't of Corr.*, No. CIV A. 10-0506 JB/CG, 2013 WL 1657915, at *8 (D.N.M. Mar. 29, 2013) (concluding that prisoner plaintiff's section 1983 accrued at time he fell from bunk bed because the plaintiff "acknowledge[d] that he was in severe pain and 'knew something was wrong'"; therefore, the plaintiff knew or had reason to know of the injury that was the basis for his claim).

The plaintiff had two years from the accrual date, namely, until October 16, 2014, to bring this Eighth Amendment claim against Wenerowicz.  Despite giving the plaintiff the generous interpretation of the filing date for this action being October 23, 2015, he filed this

---

[11] Under Pennsylvania law, the two-year statute of limitations does not begin to run until "the plaintiff knows, or should know, (1) that he has been injured, and (2) that his injury has been caused by another party's conduct.'" *Sherfey v. Johnson & Johnson*, No. 12-4162, 2014 WL 715518, at *12 (E.D. Pa. Jan. 29, 2014) (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)).

[12] Again, due to the uncertainty of the allegations in the complaint, the court presumes that the plaintiff was incarcerated at SCI-Graterford when he fell.

action more than one year past the applicable statute of limitations.[13]  Accordingly, the plaintiff's section 1983 action against Wenerowicz is time barred.[14]

### B.  Motion for Leave to Amend/Claims Against Dr. Blatt and Fictitious Defendants

In response to the motion to dismiss, the plaintiff filed a motion for leave to file an amended complaint.[15]  A district court should generally provide a *pro se* plaintiff with leave to amend unless an amendment would be inequitable or futile.  *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  With regard to the remaining claims against Wenerowicz, any amendment would be futile because the plaintiff cannot maintain any official capacity claims against him and any claims for individual liability are barred by the statute of limitations.

In addition, as indicated above, the plaintiff has been unable to effect service on Dr. Blatt.  *See* Doc. Nos. 6, 10.  Nonetheless, as the plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case *at any time* if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted[.]"  28 U.S.C.  §  1915(e)(2)(B)(i)-(ii)  (emphasis added).   A complaint is frivolous under Section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact,"  *Neitzke v. Williams*, 490

---

[13] The statute of limitations had already expired by the time the plaintiff obtained the MRI.

[14] As the action is time-barred, the court will not address the moving defendants' final two arguments relating to the allegations lacking references to any personal involvement by Wenerowicz and the inability to allege supervisory liability.  Nonetheless, the court notes that the likelihood of the plaintiff maintaining this claim was extremely slim as courts have uniformly rejected Eighth Amendment conditions-of-confinement claims based upon the failure to have a ladder for a bunk bed because those claims sound in negligence, not deliberate indifference.  *See, e.g.*, *Jones v. County Jail C.F.C.F.*, 610 F. App'x 167, 168-69 (3d Cir. 2015) (concluding that the district court properly dismissed the complaint for failure to state a claim where the prisoner plaintiff fell while trying to climb down from the top bunk and the plaintiff alleged that his jail cell should have had a ladder because "[a]t its most generous reading, [the] complaint alleged mere negligence, and not deliberate indifference"); *Williams v. Corizon*, No. 12-cv-2412, 2013 WL 4787223, at *15 (E.D. Pa. Sept. 9, 2013) (finding that prisoner plaintiff could not maintain Eighth Amendment claim against the City of Philadelphia for the failure to provide ladders for all bunk beds because any failure would constitute mere negligence and not deliberate indifference).  Additionally (and as already indicated), there is a pleading inconsistency in the complaint insofar as it is not evident where the plaintiff was incarcerated at the time he fell.

[15] As indicated earlier in this opinion, the plaintiff also "move[d] to dismiss the complaint against defendant's [J]ohn Wetzel[] and Joseph C. Korszniak."  Motion for Leave to File Am. Compl. at ¶ 3.

U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Regarding the analysis under Section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

Similar to any claims against Wenerowicz, the statute of limitations bars any claims against Dr. Blatt and the fictitious defendants. As the plaintiff alleges, at the time that Dr. Blatt released him to return to the prison, the plaintiff was still in a great amount of pain and wanted further treatment. Thus, even though the plaintiff did not know the full extent of his alleged injury to his knee until he received a MRI in January 2015, he knew he was injured and in pain as of October 17, 2012. As explained above, the plaintiff failed to file his complaint within two years of the date of his injuries. Accordingly, the court will not permit him to file an amended complaint to assert claims against Dr. Blatt because any amendment would be futile. Instead, the court will dismiss the plaintiff's claims against Dr. Blatt.

Finally, although the defendant includes the fictitious defendants "John Doe" and "Robert Doe" in the caption, he does not include any allegations as to how these fictitious defendants

were personally involved in his claims.  *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, . . . and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." (citations and internal quotations omitted)).  As such, he has failed to state a claim against these defendants.  While ordinarily the court would dismiss these defendants without prejudice and provide the plaintiff with the opportunity to amend his complaint to attempt to identify how these fictitious defendants were personally involved in his claims, the court will not do so here.  All of the plaintiff's allegations of harm relate to the conduct that occurred in October 2012; therefore, the statute of limitations would also bar any claims the plaintiff has against unidentified individuals at SCI-Graterford (or wherever he was incarcerated at the time) that were also responsible for or participated in his medical care at that time.  Accordingly, the court will dismiss the plaintiff's claims against the fictitious defendants and will not permit the plaintiff to file an amended complaint to assert claims against these defendants because the court also finds that any amendment of these claims would be futile.

### III.   CONCLUSION

As discussed above, the court will dismiss the claims against Wetzel and Korszniak because the plaintiff has agreed to the dismissal of his section 1983 claims against them.  The court will also dismiss with prejudice the plaintiff's section 1983 claim against Wenerowicz because (1) the Eleventh Amendment bars the plaintiff's official capacity claim for monetary damages against him; (2) the plaintiff has failed to state a claim for monetary damages or prospective injunctive relief against Wenerowicz in his official capacity because Wenerowicz is not a "person" amenable to suit under section 1983; and (3) it is evident from the face of the

complaint that the plaintiff did not file this action within the applicable two-year statute of limitations.[16]

Concerning the plaintiff's motion for leave to file an amended complaint, the court will deny the motion because the plaintiff's claims against the remaining defendants, Dr. Blatt and the fictitious defendants, are also barred by the statute of limitations and any amendment would be futile.  In addition, the plaintiff has not stated any claims against the fictitious defendants as there are no allegations in the complaint identifying these individuals or how they were personally involved the conduct giving rise to his claims.  Further, as all of the plaintiff's claims relate to alleged unconstitutional conduct that occurred in October 2012 and a reasonable person would have known that he or she was injured at that time, the court will not permit the plaintiff to amend his claims against the fictitious defendants.  Accordingly, the court will (1) dismiss any claims against Wetzel and Korszniak at the plaintiff's request, (2) grant the moving defendants' motion to dismiss and dismiss with prejudice all claims against Wenerowicz, and (3) deny the plaintiff's motion for leave to file an amended complaint and dismiss with prejudice all claims against Dr. Blatt and the fictitious defendants.

A separate order follows.

BY THE COURT:


/s/ Edward G. Smith
EDWARD G. SMITH, J.

---

[16] The court recognizes that ordinarily, a dismissal of a claim for lack of subject-matter jurisdiction is a dismissal without prejudice.  *See In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) (citation omitted).  In this instance, the court is dismissing the claims with prejudice because the plaintiff cannot bring his monetary or injunctive relief claims against Wenerowicz insofar as he is not a "person" under section 1983 and, while the court addressed the statute of limitations with respect to only the individual liability claim, the statute of limitations bar would prohibit both the official capacity and individual capacity claims.

16